IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONYEA PHILLIPS, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 15-5724 |
| | : | |
| v. | : | |
| | : | |
| LAWRENCE MAHALLY, Supt. of SCI Dallas, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, and DISTRICT ATTORNEY OF PHILADELPHIA COUNTY, | : : : : : | |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 15th day of March, 2017, after considering the petition for writ of habeas corpus (Doc. No. 1), the respondents' response thereto (Doc. No. 13), the state-court record, United States Magistrate Judge Jacob P. Hart's report and recommendation (Doc. No. 24), and the petitioner's objections to the report and recommendation (Doc. No. 28); accordingly, it is hereby **ORDERED** as follows:

1. The Clerk of Court is **DIRECTED** to remove this action from civil suspense;

2. The petitioner's objections to the report and recommendation (Doc. No. 28) are **OVERRULED**;[1]

---

[1] The court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).

    In the objections, Phillips first objects to the standard of review that Magistrate Judge Hart applied to his facial constitutional challenge to Pennsylvania's Sentencing Code and Sentencing Guidelines for failing to distinguish between juveniles and adults. Specifically, he contends that the state court addressed only his as-applied constitutional challenge to his sentence. Pet.'s Objections at 3, Doc. No. 28. As Judge Hart explained, however, the Pennsylvania Superior Court did reject his facial challenge, relying on *Commonwealth v. Lawrence*, 99 A.3d 116 (Pa. Super. 2014). Report & Rec. at 4, Doc. No. 24. *Lawrence* itself involved a facial constitutional challenge to a sentencing statute that imposed a mandatory minimum sentence without differentiating between juveniles and

3. The Honorable Jacob P. Hart's report and recommendation (Doc. No. 24) is **APPROVED** and **ADOPTED**;

4. The petitioner's petition for writ of habeas corpus (Doc. No. 1) is **DENIED**;

5. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2); and

6. The Clerk of Court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

adults, and the Superior Court concluded that the statute did not violate the Eighth Amendment. 99 A.3d at122. Accordingly, the court overrules this objection.

For his second objection, Phillips contends that the Superior Court's decision regarding his trial counsel's failure to file an interlocutory appeal from the denial of decertification of his case to juvenile court was contrary to *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Pet.'s Objections at 6. *Flores-Ortega*'s holding, however, relates to the first prong of *Strickland v. Washington*, 488 U.S. 668 (1984): whether counsel's performance fell below an objective standard of reasonableness. *See* 528 U.S. at 470-71 ("The question whether counsel has performed deficiently in such cases is best answered by first asking whether counsel in fact consulted with the defendant about an appeal. . . . The second part of the *Strickland* test requires the defendant to show prejudice from counsel's deficient performance."). As Magistrate Judge Hart found, however, the Superior Court held that Phillips's counsel's performance did not prejudice him in any way, even if it was deficient, because "there was no realistic chance that an appellate court would have found a gross abuse of discretion by the trial judge in denying decertification." Report & Rec. at 8. Because the Superior Court found no prejudice, it did not need to determine whether that performance was deficient according to *Flores-Ortega*. Therefore, the court overrules this second objection.

For his third objection, Phillips objects to Magistrate Judge Hart's finding that the Superior Court's holding that he was not prejudiced by his counsel's waiver of his presence when the court amended the criminal information was not contrary to clearly established law. Pet.'s Objections at 7. Phillips, however, has not pointed to any clearly established federal law to which the Superior Court's holding was contrary. Thus, the court also overrules this objection.

As for his final objection, Phillips objects to Magistrate Judge Hart's determination that the Superior Court's finding that Phillips's youth was adequately addressed at sentencing was not contrary to clearly established federal law. Pet.'s Objections at 10. He contends that "Magistrate Judge Hart has incorrectly determined that federal law does not require a sentencing judge to consider the mitigation evidence at question in this case." *Id.* at 11. As Magistrate Judge Hart recognized, Phillips has misconstrued the relevant federal law. The Supreme Court cases that Phillips cites deal with the constitutionality of particular sentences in light of scientific evidence demonstrating the differences between adult and juvenile minds. Those cases *do not* hold or otherwise suggest that trial counsel's performance must be deemed ineffective where he or she fails to present those studies to support mitigation at sentencing. Report & Rec. at 12. Thus, the Superior Court's holding was not contrary to clearly established federal law, and the court overrules Phillips's final objection.